In re BENNETT FUNDING GROUP, INC. SECURITIES LITIGATION.

Phil Glassman, et al., Plaintiffs,

v.

Arthur Andersen & Co., et al., Defendants.

No. MDL1153(JES), 97 CIV. 6128(JES), 97 CIV. 6129(JES), 97 CIV. 6130(JES), 97 CIV. 6131(JES), 97 CIV. 6132(JES), 97 CIV. 6133(JES), 97 CIV. 6134(JES), 97 CIV. 7264(JES).

United States District Court, S.D. New York.

May 5, 2000.

Goodkind Labaton Rudoff & Sucharow, LLP, Edward Labaton, Of Counsel, New York City, for Plaintiffs.

Hanzman Criden Chaykin & Ponce, P.A., Michael A. Hanzman, Michael E. Criden, Alison Harke, Scott M. Dimond, Of Counsel, Miami, FL, for plaintiffs.

Weil, Gotshal & Manges LLP, Irwin H. Warren, Robert F. Carangelo, Jeffrey M. Greilsheimer, Of Counsel, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, Senior District Judge.

The above-captioned actions come before the Court by plaintiffs' motion to amend their consolidated First Amended Complaint to include both class action allegations and more specific allegations of defendant's alleged fraud. For the reasons set forth below, plaintiffs' motion is hereby denied.

## BACKGROUND

These actions were transferred to this Court by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") on April 30, 1997. Each of the actions transferred by the MDL Panel is based upon a wide-ranging fraud allegedly perpetrated by Bennett Funding Group, Inc. ("Bennett") in which Bennett sold investors, *inter alia*, fraudulent assignments of equipment leases, promissory notes and other securities. Plaintiffs brought the first of the instant actions on March 27, 1997 against defendant Arthur Andersen & Co. ("defendant" or "Arthur Andersen") which alleges, like all of the above-referenced actions, that Arthur Andersen came to know of such fraud and breached its duty to notify investors that the unqualified audit reports it had previously issued were materially false.

In the instant motion, plaintiffs request leave to file a second amended complaint that provides further details of defendant's alleged fraud and includes class action allegations. In particular, plaintiffs seek to maintain a class action on behalf of all Bennett investors that invested in Bennett securities within three years of the filing of this action, or, alternatively, on behalf of the 739 investors who are already plaintiffs in these actions.

## DISCUSSION

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has held that a district court has the discretion to deny leave to amend when there is undue delay in bringing the amendment; bad faith on the part of the movant; repeated failure to cure deficiencies by previous amendments; undue prejudice to the opposing party; or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir.1994).

■ Plaintiffs have no basis or legitimate need to amend their complaint to provide more specific allegations of defendant's al-leged fraud. While Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud be pleaded "with particularity," this Court has already deemed plaintiffs' fraud allegations sufficient to survive defendant's motion to dismiss. *See* Order dated September 28, 1998.

■ Similarly, plaintiffs have no basis for introducing class allegations solely on behalf of those plaintiffs already in this suit. Such plaintiffs are obviously able to proceed on their own in this forum given that they have brought the instant action and continue to prosecute it. Accordingly, the Court will not grant leave to amend on this basis.

■ Finally, any amendment by plaintiffs to include class allegations on behalf of Bennett investors who have never filed suit has been unduly delayed and, in any event, would be futile. Plaintiffs have had ample opportunity to bring class claims and have chosen not to do so. In fact, to the contrary, they have sought to benefit from their non-class status by arguing that they should be treated differently from class members who are simultaneously litigating similar claims.

Indeed, plaintiffs opted out of a consolidated class action involving the alleged fraud by Bennett, and subsequently moved to vacate the MDL Panel's conditional transfer order because they were not members of the class. In fact, in their motion to vacate the transfer order, plaintiffs argued that "unlike ... other actions referred to by the Judicial Panel, this action is not brought on behalf of a class, so any class certification issues, and the discovery and designation of suitable class representatives is not present here." *See* Affidavit of Irwin H. Warren dated August 17, 1999 ("Warren Aff."), Exhibit ("Exh.") C, Plaintiffs' Memorandum of Law in Support of Motion to Vacate Conditional Transfer Order dated May 29, 1997, at 14. Similarly, before defendant filed its motion to dismiss, this Court provided plaintiffs the opportunity to amend their original complaint. Plaintiffs subsequently filed an amended and consolidated complaint with no class action allegations and which, to the contrary, added eighty-one more individual plaintiffs. *See* Warren Aff., Exh. G, Amended Complaint dated January 14, 1998. Ultimately, such

actions at best demonstrate undue delay by plaintiffs in bringing forward their request to add class allegations, and, accordingly, this Court is compelled to deny such request.

Moreover, any such amendment would be futile because those claims not currently before the Court are clearly barred by the applicable statute of limitations.[1] In certain circumstances, as plaintiffs note, such claims will "relate back" to the date of the original complaint for statute of limitations purposes. *See* Fed. Rule Civ. Proc. 15(c). However, well-established case law and the clear dictates of Rule 15(c) require that plaintiffs invoking the relation back doctrine demonstrate that their failure to add new plaintiffs was the product of some mistake, rather than a deliberate decision. *See e.g., Levy v. Roemer,* No. 97 Civ. 4016(MBM), 1998 WL 193191, at *5 (S.D.N.Y. April 22, 1998), *aff'd* 175 F.3d 254, 255 (2d Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 183, 145 L.Ed.2d 154 (1999).

As is readily apparent here, plaintiffs' decision not to proceed as a class action was by no means a mistake, but rather a calculated strategic decision to avoid transfer to this Court and allow individual plaintiffs to pursue their own claims. In these circumstances, particularly in light of defendant's interest in repose from actions commenced subsequent to the running of the statute of limitations, this Court cannot entertain a class action on plaintiffs' behalf. Indeed, as the Supreme Court noted in its seminal decision *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), "even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and ... the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* at 554, 94 S.Ct. 756 (internal citations and quotations omitted).

1. Section 10(b) of the Securities Exchange Act of 1934 requires that a private action be commenced within three years of the violation or one year after the discovery of the facts constituting the violation, whichever is earlier. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 364 & n. 9, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). As the Securities and Ex-

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend shall be and is hereby denied. The parties are directed to proceed with discovery in accordance with previous orders of this Court.

It is **SO ORDERED.**

change Commission filed its formal complaint against Bennett and Bennett filed for bankruptcy in March of 1996, even the most liberal of statute of limitations interpretations would not allow for actions commenced on May 6, 1999, the date upon which plaintiffs notified the Court they wished to amend their complaint.